BOYER, Judge.
We are called upon to review the propriety of the entry of a summary final judgment relating to construction of a “retrospective premium endorsement” attached to various policies of insurance. Essentially, the term of the policies was three years. Under the retrospective premium endorsement there was a fixed standard premium, and at the end of the period, within certain fixed minimum and maximum limits, the standard premium was to be adjusted “up or down” depending upon the losses sustained during the period involved. After twenty-one months of experience, heavy losses having been sustained, the carrier cancelled the policies .and the retrospective premium endorsement for reasons other than non-payment of premium. The insurer thereupon filed suit for premiums alleged to have been earned, including retrospective premiums, alleging the amount due to be $13,087.00. Numbered paragraph 6 of the complaint alleged as follows:
“Defendant has refused to pay to plaintiff the said sum of $13,087.00, the refusal of defendant being based upon the contention that upon cancellation of the policy of insurance by the plaintiff prior to the end of the term for which such insurance was written defendant should pay only the standard premium for the period such insurance was in force.
“Plaintiff contends that upon cancellation of the insurance by plaintiff prior to end of term for any reason except non-payment of premium, the premium due plaintiff is the standard premium and the retrospective premium computed for the period of time such insurance was in effect and that such premium, so computed is correct and that defendant owes plaintiff the sum of $13,087.00 as aforesaid.”
The insured’s answer admitted the essential allegations of the complaint as above recited, specifically responding to numbered paragraph 6 (above quoted) as follows :
“In response to paragraph 6 of Plaintiff’s Complaint, Defendant says that the basic contention of the Defendant is correctly stated in the first paragraph thereof but says further that the Plaintiff’s contention in regard to the interpretation of the contract, as stated in the second paragraph is not correct and that the Defendant does not owe the Plaintiff anything.”
The insured further stated in its answer that:
“The Defendant agrees that the computations as set forth, under Plaintiff’s interpretation of the agreement, are mathematically correct but say also that no sums of money legally are due and owing by Defendant to Plaintiff.”
*322 So it is that it appears from the pleadings that the parties were not in disagreement as to the facts and that the issue was (as stated in the first paragraph of numbered paragraph 6 above quoted) whether the cancellation of the policies by the insurer prior to the end of the term for which such insurance was written had the effect of cancelling the retrospective endorsement, resulting in the defendant being required to pay only the standard premium for the period that such insurance was in force.
The trial judge recited in the summary judgment entered in favor of the insurer that the facts were not in dispute, that the differences between the parties resulting in this litigation relates to the construction of the “Plan D” rider with respect to the retrospective premium adjustment”, further reciting:
“The defendant contends that under the proper construction of the retrospective premium rider, its liability is limited to the standard premium when, as here, the policy is cancelled by the insurer for any reason other than non-payment of premium.”
The trial judge ruled on the issue made by the pleadings, as above recited, holding that a retrospective premium was due by the insured to the insurer even though the policy was cancelled by the insurer under such circumstances as to establish the insured’s liability for the maximum retrospective premium. We do not have before us a transcript of the arguments presented to the trial judge nor any contentions presented to him except those made by the pleadings and ruled upon by him in the summary judgment as above recited.
However, the point presented to us in the briefs of the parties on appeal and the sole point presented in oral argument was not whether cancellation of the policies prior to the expiration date thereto had the effect of canceling the retrospective premium endorsement, resulting in the obligation to pay only the standard premium, but on the contrary the point so presented to us is whether the retrospective premium should be computed based upon the loss experience to the date of the cancellation of the policies or whether such retrospective premium should be based upon the actual experiences to the end of the policy period. Indeed, the appellee, rephrasing the points as presented by appellant, stated the point before us as follows:
“When an insurance company cancels an insurance contract involving retrospective premium endorsement — three year'— Plan D prior to expiration of the term of such insurance, the premium is to be computed on the basis of the retrospective rating plan for the full period the policy was in force.”
The appellee vigorously argues that the retrospective premium is to be computed on the basis of the retrospective rating plan (the loss experience) to the date of the cancellation by the insurer. With equal vigor the appellant urges that nowithstand-ing the cancellation by the insurer, “the loss experience of the insured is designed to be spread or averaged over the entire three year basis period in arriving at a final computation of the retrospective premium incurred.”
At no place in appellant’s brief, nor in oral argument before us, does appellant contend that “its liability is limited to the standard premium when, as here, the policy is cancelled by the insurer for any reason other than non-payment of premium.”
It appears to us, therefore, that the point ruled upon by the trial judge is not the point presented to us.
Inasmuch as the concluding paragraphs and prayer of the complaint, and the defendant’s answer thereto, might be construed to require a construction of the policy, including the point presented to us, and since it does not appear from the record before us that the trial judge ruled upon the point presented on appeal, this case is remanded to the trial court for such fur *323 ther proceedings as may be necessary to reflect the issues raised before the trial court and there ruled upon and for such further proceedings as may be appropriate in the premises.
RAWLS, C. J., and McCORD, J., concur.